UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PROASSURANCE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC NORTHWEST FERTILITY AND IVF SPECIALISTS I, PLLC dba PACIFIC NORTHWEST FERTILITY AND IVF SPECIALISTS II, PC; and ALEXIS HENRY and JORDAN HENRY, individually and on behalf of their marital community,<br><br>Defendants. | No. 2:25-cv-01476<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff ProAssurance Specialty Insurance Company ("ProAssurance"), by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment against Defendant Pacific Northwest Fertility and IVF Specialists, PLLC, d/b/a Pacific Northwest Fertility and IVF Specialists II, P.C. ("PNWF"), and Alexis Henry and Jordan Henry, states and alleges as follows:

**<u>NATURE OF THE ACTION</u>**

1.     This is a civil action seeking declarations under 28 U.S.C. § 2201 concerning the respective rights, duties, and obligations, if any, of ProAssurance and PNWF under Health Care

COMPLAINT FOR DECLARATORY JUDGMENT – 1
Case No.: 2:25-cv-01476

4915-7820-8345, v. 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

1  Professional Liability Policy Number ES2986 that ProAssurance issued to Pacific Northwest
2  Fertility and IVF Specialists, PLLC (the "Policy") regarding the allegations and claims asserted
3  against PNWF in a lawsuit pending in King County, Washington: *Henry v. Pacific Northwest*
4  *Fertility and IVF Specialists I, P.L.L.C., d/b/a Pacific Northwest Specialists II, P.C.* (the
5  "Underlying Action").[1]

6      2.    PNWF tendered the Underlying Action to ProAssurance seeking a defense and
7  indemnity under the Policy for the allegations and claims asserted against it. ProAssurance is
8  providing PNWF a defense in the Underlying Action under a full and complete reservation of
9  rights under the Policy and applicable law but contends none of the allegations and claims against
10 PNWF in the Underlying Action are covered under the Policy.

11     3.    A justiciable controversy thus exists between PNWF and ProAssurance that
12 requires declarations by this Court of the respective rights, duties, and obligations, if any, of
13 ProAssurance and PNWF under the Policy for the allegations and claims asserted against PNWF
14 in the Underlying Action. Specifically, ProAssurance seeks declarations that (a) it is not obligated
15 to defend or indemnify PNWF under the Policy for the allegations asserted against it in the
16 Underlying Action because of the application of an exclusion, and (b) to the extent PNWF is found
17 not liable in the Underlying Action, and the exclusion does not apply, that ProAssurance has no
18 obligation to indemnify PNWF under the Policy. ProAssurance also seeks to bind the Henrys to
19 the foregoing declarations.

---

[1] King County Superior Court, Washington, Case No. 24-2-20145-9 SEA.

COMPLAINT FOR DECLARATORY JUDGMENT – 2
Case No.: 2:25-cv-01476

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

## THE PARTIES

4. ProAssurance is a corporation organized and existing under the laws of the State of Alabama with its principal place of business in Alabama.

5. PNWF is a corporation with its principal place of business in the State of Washington.

6. Alexis Henry and Jordan Henry are married and reside in and are citizens of King County, Washington.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendants reside within the geographical confines of this judicial district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within the geographical confines of this judicial district.

9. This Court has authority under 28 U.S.C. § 2201 to grant the declaratory and other relief requested by ProAssurance.

## FACTS

**A.    The Underlying Action**

10. On September 5, 2024, Alexis Henry and Jordan Henry sued PNWF for damages

COMPLAINT FOR DECLARATORY JUDGMENT – 3
Case No.: 2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

because of PNWF's alleged destruction of the Henrys' seven embryos.[2]

11. The Henrys allege they underwent in vitro procedures resulting in the development of ten embryos, which were cryopreserved at PNWF. Exhibit A, ¶ 6. Eventually, and as of May 25, 2022, the Henrys had seven embryos cryopreserved at PNWF. *Id.*, ¶ 8.

12. A year-and-a-half later, PNWF advised the Henrys in October 2023 that they "would need to take action with regard to their cryopreserved embryos stored at PNWF." *Id.*, ¶ 9.

13. The Henrys provided direction to PNWF, indicating a desire to "have their four genetically tested normal embryos moved to a long-term storage facility" and to "donate their remaining three non-genetically tested embryos to PNWF for research." *Id.*, ¶¶ 10 and 11.

14. However, the Henrys allege that PNWF "irreplaceably, negligently, and carelessly failed to preserve [their] embryos as directed and instead destroyed and discarded all seven [of their] embryos, *in direct violation of [their] explicit instructions and without their consent* …." *Id.*, ¶ 12 (emphasis added).

15. In January 2024, PNWF's laboratory director allegedly called the Henrys and "explained the report regarding their internal investigation into the erroneous destruction" of their embryos and "confirmed that [their] embryos were not preserved *as [the Henrys] had explicitly requested* …." *Id.*, ¶ 16 (emphasis added).

16. The Henrys assert that, as a result of PNWF's conduct, their "cryopreserved embryos and unborn children were destroyed *without their consent*, and that [the Henrys] have suffered severe emotional, physical, property, and economic damages—all of which continue into

---

[2] A true and correct copy of the Complaint filed in the Underlying Action is attached as **Exhibit A**.

COMPLAINT FOR DECLARATORY JUDGMENT – 4
Case No.: 2:25-cv-01476

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

the indefinite future and for which they are entitled to recover damages in an amount to be proven at trial." *Id.*, ¶ 18 (emphasis added).

17. The Underlying Action asserts three causes of action[3] against PNWF:

    a. First Cause of Action – Medical Negligence, which asserts that PNWF "fell below the standard of care and breached [its] duties owed to [the Henrys] including, but not limited to, failing to adequately monitor, manage, treat, preserve, store, perform, consult and refer regarding [the Henrys'] embryo cryopreservation which resulted in the destruction of four of [the Henrys'] embryos." *Id.*, ¶ 21.

    b. Second Cause of Action – Negligence, which asserts that PNWF "breached [its] duties by negligently and/or recklessly destroying or discarding [the Henrys'] cryopreserved embryos" and "by negligently and/or recklessly failing to have procedures in place and/or by failing to follow procedures in place that would have prevented such negligent and/or reckless discarding of [the Henrys'] cryopreserved embryos." *Id.*, ¶¶ 26 and 27.

    c. Third Cause of Action – Breach of Contract, which asserts that PNWF "breached its obligation and promise by negligently, recklessly, and/or knowingly disregarding [the Henrys'] express instruction by destroying" the embryos. *Id.*, ¶¶ 30-34. The Henrys further assert that PNWF "breached

---

[3] On June 11, 2025, the Henrys voluntarily dismissed their causes of action for breach of fiduciary duty, bailment, conversion, and outrage. *See* Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment and Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment (**Exhibit C**).

COMPLAINT FOR DECLARATORY JUDGMENT – 5
Case No.: 2:25-cv-01476

4915-7820-8345, v. 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

its obligation and promise by negligently and/or recklessly failing to have procedures in place or negligently an/or recklessly failing to adequately follow procedures that would have prevented the destruction of [the Henrys'] embryos without their consent." *Id.*, ¶ 35.

**B.    The Policy**

18.    ProAssurance and PNWF are parties to the Policy, which was effective as of May 1, 2023, the terms, conditions, definitions, provisions, limitations, exclusions, and endorsements of which speak for themselves.

19.    A true and correct copy of the Policy is attached as Exhibit B.[4]

20.    PNWF is listed as the Named Insured under the Policy.

21.    The Policy, written on form ESL-PSN-030 (11/18), provides, in pertinent part:

**HEALTH CARE PROFESSIONAL LIABILIITY POLICY**

**DEFINITIONS**

As used in this **policy**, the following terms shall have the following meanings:

…

**Damages** means all amounts of money which are payable under this **policy** because of injury, including death.

…

**Professional incident** means:

    A.    a single act or omission, or a series of related acts or omissions during a continuing course of **professional services**, arising out of the rendering of, or failure to render, **professional services** to any

---

[4] The Policy attached as **Exhibit B** is a true and correct copy but has been redacted only to remove premium information and the names and identities of other persons and organizations added to the Policy as insureds.

COMPLAINT FOR DECLARATORY JUDGMENT – 6
Case No.:  2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

        one person by an **insured** or any person for whose acts or omissions an **insured** is legally responsible, which results, or is likely to result, in a claim for **damages**; or

    B.     a single act or omission or a series of related acts or omissions by an **insured professional** during the performance of **peer review services** which results, or is likely to result, in a claim for **damages**.

For purposes of this definition, treatment of mother and fetus (or fetuses) from conception through postpartum care constitutes a single **professional incident**. In no event shall separate, discrete events or injuries that occur during a single medical or dental procedure or continuing course of related treatments constitute more than one **professional incident**. In all cases involving a series of related acts or omissions during a continuing course of **professional services**, the **professional incident** shall be deemed to have occurred at the time of the earliest act or omission comprising that **professional incident**, even if it began before the **retroactive date**.

**Professional services** means the provision of medical or dental services to a patient of an **insured**, including treatment, making diagnoses and rendering opinions or advice.

…

### PROFESSIONAL LIABILITY COVERAGE PART

I.     **INSURING AGREEMENT**

Subject to the applicable limit of liability, **we** agree to pay on behalf of each **insured** all sums (in excess of any applicable deductible) that the **insured** shall become legally obligated to pay as **damages** because of any **professional incident** that (1) occurs on or after the **retroactive date** applicable to the **insured** and (2) is first **reported** during the **policy period**; …

…

II.     **INVESTIGATION, DEFENSE AND SETTLEMENT**

**We** have the right to investigate any **professional incident** that **we** deem expedient. **We** have the right and duty to defend any suit against an **insured** seeking **damages** that, if awarded, would be covered by this **policy,** even if any of the allegations of the suit are groundless, false or fraudulent, and **we**

COMPLAINT FOR DECLARATORY JUDGMENT – 7
Case No.: 2:25-cv-01476

4915-7820-8345, v. 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

have the right, but not the duty, to defend any claim against an **insured** seeking such **damages**.

…

**We** shall not be obligated to pay **damages** or to defend any suit after the applicable limit of liability has been exhausted.

**III.    EXCLUSIONS**

**We** will not pay **damages** because of any of the following, and **we** have no obligation to provide a defense for any claim or suit alleging any of the following:

…

C.    Liability arising out of any fraudulent, criminal, malicious or intentionally wrongful act or omission, … ; provided, however, that **we** will defend (up to a maximum of $100,000 in costs, expenses, and attorney fees for all such claims first **reported** during the **policy period**) any claims alleging liability excluded by this paragraph until such time as the **insured** is adjudicated to have committed, or pleads guilty to, an act or omission described in this paragraph[.]

22.    The Policy is endorsed by the Health Care Professional Liability Policy Restrictive Endorsement, written on form ESL-PSN-202.PRO (01/22), which was effective as of May 1, 2023, and provides, in pertinent part:

**HEALTH CARE PROFESSIONAL LIABILITY POLICY RESTRICTIVE ENDORSEMENT (PROCEDURES/SPECIALTY)**

…

Notwithstanding any other provision of the **policy**, **we** will neither defend nor pay **damages** for any liability arising from, relating to, or in any way connected with the rendering of, or failure to render, **professional services** by an **insured** for the following procedure(s) or specialty(ies):

The discarding of embryos, eggs, or sperm without written patient consent. However, this exclusion does not apply to embryos, eggs, or sperm that have been abandoned. Abandonment occurs if:

COMPLAINT FOR DECLARATORY JUDGMENT – 8
Case No.:  2:25-cv-01476

4915-7820-8345, v. 2

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

1. At least years have passed since contact with the patient, and
2. Diligent efforts have been made to contact the patient, and
3. No written instructions from the patient exist concerning disposition.

…

23. The Policy is also endorsed by the Health Care Professional Liability Policy Amendatory Endorsement, written on form ESL-PSN-205 (01/22), which was effective as of May 1, 2023, and provides, in pertinent part:

**HEALTH CARE PROFESSIONAL LIABILITY POLICY AMENDATORY ENDORSEMENT**

…

The **policy** is hereby amended as follows:

I. The definition of **professional services** in the Definitions Part is hereby amended to include egg, sperm, and embryo storage and transfer while in the care and custody of an **insured** on behalf of the **policyholder**.

…

24. ProAssurance incorporates by reference all terms, conditions, provisions, definitions, limitations, exclusions, and endorsements of the Policy into this Complaint as if fully set forth herein.

25. The Policy, by its terms, conditions, provisions, definitions, limitations, exclusions, and endorsements, only provides coverage to the extent: (a) all elements of the Policy's Insuring Agreement are satisfied, including without limitation the requirements that those sums the insured becomes legally obligated to pay be "damages" because of a "professional incident;" (b) all exclusionary or limitation provisions are not applicable, including, without limitation, Exclusion

COMPLAINT FOR DECLARATORY JUDGMENT – 9
Case No.: 2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

C. and the Health Care Professional Liability Policy Restrictive Endorsement; and (c) if any coverage excluded or otherwise limited is restored or given-back by any exceptions.

26.     ProAssurance is providing PNWF a defense in the Lawsuit under the Policy under full and express reservation of rights, including, without limitation, the right to disclaim coverage based on the operation of the Policy provisions above, withdraw from defense, limit payment of defense costs, and file this declaratory judgment action.

## CLAIMS FOR RELIEF

**First Claim for Relief – Declaratory Judgment (No Duty to Defend or Indemnify)**

27.     ProAssurance reasserts and incorporates all allegations contained in Paragraphs 1-26 as though fully set forth herein.

28.     An actual controversy exists between ProAssurance and PNWF as to whether ProAssurance is obligated under the Policy to defend and indemnify PNWF for the allegations and claims asserted against PNWF in the Underlying Action.

29.     ProAssurance asks that this Court declare the rights, obligations, and liabilities of the parties under the Policy with respect to the Henrys' claims against PNWF in the Underlying Action. Specifically, ProAssurance is entitled to a judgment, under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging in its favor on the following declarations of law:

    a.     ProAssurance's duty to defend PNWF in the Underlying Action is based on the allegations and claims asserted in the Complaint in the Underlying Action.

COMPLAINT FOR DECLARATORY JUDGMENT – 10
Case No.: 2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

      b.    The Henrys assert that PNWF discarded and/or destroyed the seven embryos without their written consent.

      c.    The Restrictive Endorsement provides that ProAssurance "**will neither defend nor pay damages for** any liability arising from, relating to, or in any way connected with the rendering of, or failure to render, professional services … for … [t]he discarding of embryos, eggs, or sperm **without written patient consent.**" (emphasis added).

      d.    All of PNWF's alleged misconduct and/or liability arises from, relates to, or is connected with the rendering of, failure to render, professional services for the discarding of embryos without the written Henrys consent.

      e.    All of PNWF's alleged misconduct and/or liability arises out of fraudulent, criminal, malicious, or intentionally wrongful acts or omissions.

      f.    Exclusion C provides a limited defense obligation of up to $100,000 in defense costs, the exhaustion of which terminates all of ProAssurance's obligations under the Policy for any claims subject to Exclusion C.

      g.    ProAssurance has no duty to settle non-covered claims.

**Second Claim for Relief – Declaratory Judgment (No Duty to Indemnify)**

30.    ProAssurance reasserts and incorporates all allegations contained in Paragraphs 1-29 as though fully set forth herein.

31.    ProAssurance asks that this Court declare that ProAssurance is entitled to a judgment, under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging that if PNWF is determined to have discarded and/or destroyed the embryos with

COMPLAINT FOR DECLARATORY JUDGMENT – 11
Case No.: 2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

the Henrys' written consent, ProAssurance will not have a duty to indemnify PNWF. Specifically, ProAssurance is entitled to a judgment, under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring and adjudging in its favor on the following declarations of law:

    a. The Policy's Professional Liability Coverage Part's Insuring Agreement provides that ProAssurance is only obligated to pay all sums PNWF shall become legally obligated to pay as damages because of any professional incident.

    b. If the Henrys provided PNWF with written consent, then PNWF is not liable for damages to the Henrys, and ProAssurance has no duty to indemnify.

## **PRAYER**

WHEREFORE, ProAssurance demands judgment against PNWF and the Henrys as follows:

A. Declaring and decreeing in ProAssurance's favor on the following declarations of law:

    a. ProAssurance's duty to defend PNWF in the Underlying Action is based on the allegations and claims asserted in the Complaint in the Underlying Action.

    b. The Henrys assert that PNWF discarded and/or destroyed the seven embryos without their written consent.

    c. The Restrictive Endorsement provides that ProAssurance "will neither defend nor pay damages for any liability arising from, relating to, or in any way connected with the rendering of, or failure to render, professional

COMPLAINT FOR DECLARATORY JUDGMENT – 12
Case No.: 2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

services … for … [t]he discarding of embryos, eggs, or sperm without written patient consent."

    d.    All of PNWF's alleged misconduct and/or liability arises from, relates to, or is connected with the rendering of, failure to render, professional services for the discarding of embryos without the written Henrys consent.

    e.    All of PNWF's alleged misconduct and/or liability arises out of fraudulent, criminal, malicious, or intentionally wrongful acts or omissions.

    f.    Exclusion C provides a limited defense obligation of up to $100,000 in defense costs, the exhaustion of which terminates all of ProAssurance's obligations under the Policy for any claims subject to Exclusion C.

    g.    ProAssurance has no duty to settle non-covered claims.

    h.    The Policy's Professional Liability Coverage Part's Insuring Agreement provides that ProAssurance is only obligated to pay all sums PNWF shall become legally obligated to pay as damages because of any professional incident.

    i.    If the Henrys provided PNWF with written consent, then PNWF is not liable for damages to the Henrys, and ProAssurance has no duty to indemnify.

B.    Deny PNWF any recovery in this action;

C.    Deny the Henrys any recovery in this action;

D.    Ordering such other and further relief as the Court shall deem just and equitable.

COMPLAINT FOR DECLARATORY JUDGMENT – 13
Case No.: 2:25-cv-01476

FORSBERG & UMLAUF, P.S.
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2

Dated this 5th day of August, 2025.

        FORSBERG & UMLAUF, P.S.

        *s/Rishabh Agny*
        Ryan J. Hesselgesser, WSBA #40720
        Rishabh R. Agny, WSBA #49721
        Forsberg & Umlauf, P.S.
        401 Union St., Suite 1400
        Seattle, WA  98101
        Phone: (206) 689-8500
        Email: rhesselgesser@foum.law
              ragny@foum.law
        *Attorneys for Plaintiff*

COMPLAINT FOR DECLARATORY JUDGMENT – 14
Case No.:  2:25-cv-01476

**FORSBERG & UMLAUF, P.S.**
ATTORNEYS AT LAW
401 UNION STREET • SUITE 1400
SEATTLE, WASHINGTON  98101
(206) 689-8500 • (206) 689-8501 FAX

4915-7820-8345, v. 2