SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

ALEXIS HENRY and JORDAN HENRY, individually and on behalf of their marital community,

        Plaintiffs,

v.

PACIFIC NORTHWEST FERTILITY AND IVF SPECIALISTS I, P.L.L.C., d/b/a PACIFIC NORTHWEST FERTILITY AND IVF SPECIALISTS II, P.C., a Washington corporation.

        Defendant.

No.  24-2-20145-9 SEA

**COMPLAINT**

## I.    INTRODUCTION

COME NOW the above-named Plaintiffs, by and through their attorneys of record, Nathan P. Roberts and Dalia Ibrahim of Connelly Law Offices, PLLC, and by way of claim aver and allege on personal knowledge as to their own actions, and on information and belief as to all other matters, as follows:

## II.    PARTIES

1.    Defendant PACIFIC NORTHWEST FERTILITY AND IVF SPECIALISTS I, P.L.L.C., d/b/a PACIFIC NORTHWEST FERTILITY AND IVF SPECIALISTS II, P.C.,

COMPLAINT- 1 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

(hereinafter "PNWF") is a Washington corporation doing business in King County, Washington. At all times material hereto, Defendant PNWF and its employees, agents, and/or ostensible agents, provided medical care and treatment to Alexis and Jordan Henry.

2.      Plaintiffs ALEXIS HENRY and JORDAN HENRY are married and reside in King County, WA. At all times material hereto, Alexis and Jordan Henry received healthcare services from PNWF.

## III.    JURISDICTION & VENUE

3.      This Court has original subject matter jurisdiction pursuant to the Constitution of the State of Washington, Art. 4, § 6.

4.      Venue is proper in King County pursuant to RCW 4.12.020 because the events giving rise to this claim occurred in King County and because Defendant PNWF is located within, and transacts business in, King County.

## IV.    STATEMENT OF FACTS

5.      Plaintiffs Alexis Henry and Jordan Henry became patients at PNWF beginning in May of 2018.

6.      Alexis and Jordan Henry endured months of treatment and painful invitro procedures which resulted in the development of ten (10) embryos that were cryopreserved at PNWF.

7.      Over the next few years, Alexis underwent three frozen embryo transfer ("FET") cycles. The first transfer cycle was unsuccessful. The subsequent two cycles in 2019 and 2022, resulted in successful pregnancies.

8.      As of May 25, 2022, the Henry's had seven remaining embryos cryopreserved at PNWF.

COMPLAINT- 2 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

9.      As a matter of routine, just months after the couple brought their second child home to their family, PNWF sent the Henrys a "2023 storage policy letter." Soon thereafter, on October 21, 2023, PNWF sent a "5-year storage increase letter" informing the Henrys that they would need to take action with regard to their cryopreserved embryos stored at PNWF.

10.     On November 10, 2023, the Henrys responded to PNWF explicitly indicating their desire to have their four genetically tested normal embryos moved to a long-term storage facility.

11.     In making this decision, the Henrys were committed to safeguarding their embryos so that they could make decisions about the growth of their family, timing, and number of children at a later date. The Henrys further indicated that they were willing to donate their remaining three non-genetically tested embryos to PNWF for research.

12.     PNWF irreplaceably, negligently, and carelessly failed to preserve the Henry's embryos as directed and instead destroyed and discarded all seven of the Henry's embryos, in direct violation of the Henry's explicit instructions and without their consent, robbing the Henrys of any opportunity to bring four potential lives into existence and grow their loving family.

13.     PNWF did not inform Alexis or Jordan Henry that they had discarded and/or destroyed all seven of their embryos until Cryogram—the third-party long-term storage facility retained by the Henrys—was unable to retrieve the four allotted embryos from PNWF as requested.

14.     On or around January 12, 2024, PNWF informed the Henrys by telephone that all seven of their cryopreserved embryos were erroneously discarded. PNWF further disclosed that they were conducting an investigation into the matter.

15.     The Henrys were absolutely devastated.  They had been swiftly and violently

COMPLAINT- 3 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    robbed of their future children and their dream of being able to change the lives of others should

2    they, in the future, be blessed with "extra" embryos. Indeed, the Henrys had imagined being

3    able to bless others with donations and the possibility of having an extended family in the future.

4        16.    On or around January 16, 2024, PNWF Laboratory Director Cindee Khabani

5    called the Henrys, explained the report regarding their internal investigation into the erroneous

6    destruction of the Henry's embryos, confirmed that the Henrys' embryos were not preserved as

7    they had explicity requested, and told the Henry's their embryos were gone and nothing could

8    be done to reverse the damage done.

9        17.    Plaintiffs underwent a significant and traumatic physical sacrifice in pursuit of

10   preserving their ability to have more children. The process of egg stimulation and retrieval

11   involves weeks of injections, mood swings from hormone changes, uncomfortable bloating,

12   weight gain, and submission to anesthesia during the actual procedure.

13       18.    As a direct and proximate result of the defendant's negligence, defendant's

14   breach of contract, defendant's conversion, defendant's bailment, defendant's breach of

15   fiduciary duty, and defendant's intentional infliction of emotional distress and commission of

16   the tort of outrage, Alexis and Jordan Henry's cryopreserved embryos and unborn children were

17   destroyed without their consent, and Alexis and Jordan Henry have suffered severe emotional,

18   physical, property, and economic damages—all of which continue into the indefinite future and

19   for which they are entitled to recover damages in an amount to be proven at trial.

20       V.    **FIRST CAUSE OF ACTION – MEDICAL NEGLIGENCE**

21       19.    Plaintiffs incorporate all preceding paragraphs by reference.

22       20.    Given the fiduciary healthcare provider-patient relationship that existed between

23   PNWF (hereinafter "Defendant") and Alexis and Jordan Henry (hereinafter "Plaintiffs"),

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

Defendant owed Plaintiffs the duties to provide reasonably prudent medical care and treatment, including but not limited to, properly and adequately monitor, manage, treat, preserve, store, perform, consult, and refer regarding Plaintiffs' embryo cryopreservation; and otherwise render the necessary care Plaintiffs required.

21.     Defendant fell below the standard of care and breached their duties owed to Plaintiffs including, but not limited to, failing to adequately monitor, manage, treat, preserve, store, perform, consult and refer regarding Plaintiffs' embryo cryopreservation which resulted in the destruction of four of Plaintiffs' embryos. As a direct and proximate result of Defendant's failures, Plaintiffs have suffered severe emotional, physical, property, and economic damages.

## VI.    SECOND CAUSE OF ACTION – NEGLIGENCE

22.     Plaintiffs incorporate all preceding paragraphs by reference.

23.     Defendant had a duty to use reasonable care in the storage and maintenance of Plaintiffs' cryopreserved embryos. Defendant furthermore had a duty to impose reasonable policies and procedures to ensure that their client/patients' directives and wishes were competently and faithfully followed.

24.     Defendant furthermore had a duty of care based on the fact that they voluntarily undertook to render storage services with a reasonable degree of care. Defendants furthermore knew or should have known that failure to exercise such care increased the risk of harm to Plaintiffs' embryos and to Plaintiffs. Moreover, Plaintiffs' undertaking to store the embryos constitutes bailment. Accordingly, Defendant had a duty of care with respect to the Plaintiffs' stored embryos.

25.     Plaintiffs relied on all of the Defendant's aforementioned duties of care together in placing their embryos in Defendant's care.

COMPLAINT- 5 of 10

26.     Defendant breached these duties by negligently and/or recklessly destroying or discarding Plaintiffs' cryopreserved embryos.

27.     Defendant furthermore breached their duties by negligently and/or recklessly failing to have procedures in place and/or by failing to follow procedures in place that would have prevented such negligent and/or reckless discarding of Plaintiffs' cryopreserved embryos.

28.     As a direct and proximate result of Defendant's negligence and/or recklessness, Plaintiffs suffered extreme emotional, physical, property, and economic damages in an amount to be proven at trial.

## VII.   THIRD CAUSE OF ACTION – BREACH OF CONTRACT

29.     Plaintiffs incorporate all preceding paragraphs by reference.

30.     Plaintiffs formed an oral and/or written contract with Defendant, whereby Defendant was to store and safeguard Plaintiffs' cryopreserved embryos.

31.     There was a meeting of the minds between Plaintiffs and Defendant that Defendant would use its best efforts to care for and safeguard these embryos, would notify Plaintiffs immediately if there was any problem or concern, and would utilize and/or dispose of the embryos only in the manner and at the time directed by Plaintiffs.

32.     Plaintiffs provided consideration for these services.

33.     It was the intent of Plaintiffs and Defendant to have a binding legal contract.

34.     Defendant breached its obligation and promise by negligently, recklessly, and/or knowingly disregarding the Plaintiffs' express instruction by destroying valuable and irreplaceable property that Plaintiffs had entrusted to Defendant's care.

35.     Defendant breached its obligation and promise by negligently and/or recklessly failing to have procedures in place or negligently and/or recklessly failing to adequately follow

COMPLAINT- 6 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

procedures that would have prevented the destruction of Plaintiffs' embryos without their consent.

36.    As a direct and proximate result of Defendant's breach of contract, Plaintiffs suffered severe emotional, physical, property, and economic damages in an amount to be proven at trial.

## VIII.    FOURTH CAUSE OF ACTION – CONVERSION

37.    Plaintiffs incorporate all preceding paragraphs by reference.

38.    Plaintiffs owned their embryos, which were placed in Defendant's care for the express purposes of safekeeping and storage until such a time as Plaintiffs directed otherwise.

39.    As described above, Defendants unjustly converted the embryos by assuming control over the embryos and destroying them (or using them for testing), willfully interfering with the Plaintiffs' ownership rights over the property.

40.    As a direct and proximate result of Defendant's misconduct, Plaintiffs were deprived of their ownership rights over the property.

41.    As a direct and proximate result of defendant's misconduct, Plaintiffs suffered severe emotional, physical, property, and economic damages in an amount to be proven at trial.

## IX.    FIFTH CAUSE OF ACTION – BAILMENT

42.    Plaintiffs incorporate all preceding paragraphs by reference.

43.    Plaintiffs formed an oral and/or written contract with Defendant, whereby Defendant was to store and safeguard Plaintiffs' cryopreserved embryos.

44.    There was a meeting of the minds between Plaintiffs and Defendant that Defendant would care for and safeguard Plaintiffs' embryos, would notify Plaintiffs immediately if there was any problem or concern and would utilize and/or dispose of the

COMPLAINT- 7 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    embryos only in the manner and at the time directed by Plaintiffs.

2        45.    Plaintiffs preserved their embryos for future use. Plaintiffs delivered their

3    embryos to the Defendant and entrusted the Defendant with storing their cryopreserved

4    embryos.

5        46.    Defendant irreplaceably negligently and/or recklessly destroyed Plaintiffs'

6    cryopreserved embryos. As such, Defendant will not be able to redeliver Plaintiffs' embryos

7    undamaged to Plaintiffs.

8        47.    As a direct and proximate result of Defendant's misconduct, Plaintiffs suffered

9    severe emotional, physical, property, and economic damages in an amount to be proven at trial.

10    **X.    SIXTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY**

11        48.    Plaintiffs incorporate all preceding paragraphs by reference.

12        49.    As a health care provider holding itself out as providing advice, consultation,

13    and services relating to the IVF process, and as having a special expertise in the storage and

14    preservation of human embryos, Defendant stood in a fiduciary relationship to those individuals

15    and couples who entrusted them with their embryos, including Plaintiffs.

16        50.    This relationship gave rise to a fiduciary duty on the part of Defendant that,

17    among other things, obligated them to exercise the highest duty of care in protecting and

18    preserving the embryos Plaintiffs entrusted to them.

19        51.    Defendant breached this duty by, among other things, failing to exercise the most

20    rudimentary level of preserving and protecting the embryos that had been entrusted to them and

21    negligently and/or recklessly destroying the embryos.

22        52.    As a direct and proximate result of this breach, Plaintiffs have sustained

23    economic injury, including, but not limited to, the loss of the benefit of the IVF procedures they

COMPLAINT- 8 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1  have already undergone, along with great emotional injury, pain and suffering, and distress, all

2  of which continue into the indefinite future and for which they are entitled to recover damages

3  in an amount to be proven at trial.

4  ### XI.    SEVENTH CAUSE OF ACTION – OUTRAGE

5      53.    Plaintiffs incorporate all preceding paragraphs by reference.

6      54.    As a health care provider in the business of providing fertility services to

7  individuals and couples, Defendant had direct and intimate knowledge of the significance of

8  the embryos Plaintiffs had placed in their care.

9      55.    As an experienced fertility service provider, Defendant knew or should have

10  known that emotional distress is certain or substantially certain to result from negligent and/or

11  reckless unauthorized destruction of a clients' embryos, including those belonging to Plaintiffs,

12      56.    Despite having such knowledge, Defendant intentionally or recklessly failed to

13  protect against negligent and/or reckless unauthorized destruction of embryos to the detriment

14  of its clients, including Plaintiffs.

15      57.    Defendant's negligent and/or reckless unauthorized destruction of Plaintiffs'

16  embryos constituted reckless and outrageous indifference to the immeasurable value of the

17  embryos and potential life they encapsulated.

18      58.    Defendant's unauthorized destruction of Plaintiffs' embryos is an act amounting

19  to tortious outrage and commission of intentional infliction of emotional distress.

20      59.    As a direct and proximate result of Defendant's misconduct, Plaintiffs have

21  suffered severe emotional, physical, and economic damages in an amount to be proven at trial.

22  ### XII.    PRAYER FOR RELIEF

23  WHEREFORE, Plaintiffs request a judgment against Defendant:

COMPLAINT- 9 of 10

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

1    (a)    Awarding Plaintiffs general and special damages to be proven at trial;

2    (b)    Awarding reasonable attorneys' fees and costs;

3    (c)    Awarding any and all applicable interest on the judgment; and

4    (d)    Awarding such other and further relief as the Court deems just and proper

5    under the circumstances of this case.

6    DATED this 5ᵗʰ day of September, 2024.

7                          **CONNELLY LAW OFFICES, PLLC**

8

    By_____
9
                          Nathan P. Roberts, WSBA No. 40457
                          Dalia Ibrahim, WSBA No. 61252
10                         *Attorneys for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT- 10 of 10

**CONNELLY LAW OFFICES, PLLC**
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax